IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **RENEE DANIEL THOMAS,** | § |
| *Plaintiff,* | § § § |
| vs. | § § |
| **CALLAN MARINE LTD.** | §  **CIVIL ACTION NO. _____** |
| | § § § |
| *Defendant.* | § § **JURY TRIAL DEMANDED** |
| | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff Renee Daniel Thomas ("Plaintiff" or "Thomas"), complaining of Defendant Callan Marine, Ltd. ("Defendant" or "Callan Marine") and in support thereof shows the Court as follows:

### I.

### INTRODUCTION

1.01   Defendant Callan Marine wrongfully fired Plaintiff from her job in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*. (the "FMLA"). Defendant also discriminated and retaliated against Plaintiff, harassed Plaintiff and subjected Plaintiff to a hostile environment based upon disability, and sex (gender) in violation of the Americans With Disabilities Act, as amended 42 USC § 12101 *et seq* and the Civil Rights Act of 1964, as amended.

### II.

### PARTIES

2.01   Plaintiff Renee Daniel Thomas is an individual who is a citizen of the State of Texas.

Plaintiff can be contacted in care of her undersigned counsel.

2.02　　Defendant Callan Marine, Ltd. is a domestic limited partnership. Defendant's agent for service of process in the State of Texas is InCorp Services, Inc., 815 Brazos Street, Suite 500, Austin, TX 78701.

### III.

### Jurisdiction and Venue

3.01　　Pursuant to 28 U.S.C. §1331, jurisdiction lies in the United States District Court for the Southern District of Texas, as this action involves a question of the application of federal law, including the Family and Medical Leave Act of 1993 (the "FMLA").

3.02　　Venue for Plaintiff's causes of action stated herein lies in the Southern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. §1391.

### IV.

### Factual Allegations

4.01　　Plaintiff, an African American female began working for Callan Marine on or about April 14, 2021 as a Quality Control Manager with a salary of $88,000 per year with a cell phone allowance of $1,200 annually and various other allowances, including an apartment to live in.

4.02　　Not long after Plaintiff started working for Defendant, she was sexually harassed by another Quality Control Manager, Pablo De La Garza ("Pablo"), a Hispanic male. Pablo would call Plaintiff "baby" in front of other employees, which caused other employees to address Plaintiff as "baby." Plaintiff asked Pablo repeatedly to stop calling her "baby."

4.03　　Pablo would also constantly call Plaintiff after hours while intoxicated which was

PLAINTIFF'S ORIGINAL COMPLAINT
RENEE DANIEL THOMAS V. CALLAN MARINE, LTD.

2

very harassing to Plaintiff. Plaintiff asked Pablo to stop calling her after hours intoxicated and to please stop calling her "baby."

4.04    In retaliation, Pablo began making racists jokes about Black people which caused a very hostile environment for Plaintiff to work in. Pablo made comments about how he hated the President and that the Vice President was a "Stupid Black Bitch" and that he wanted to get his gun and shoot them in the face.

4.05    In and around December 2021 Pablo became more aggressive by commenting on Plaintiff's clothing and how he liked how Plaintiff looked. Plaintiff was so bothered by this that she began to wear long sweaters to cover her body from neck to knee.

4.06    Plaintiff received her end of year bonus from Defendant.

4.07    In April 2022 Plaintiff reported this harassment to Joseph Pace, Safety Officer and Justin Chitty, Project Supervisor, who are both while males. Plaintiff had joined them for lunch one day so she could discuss the harassment with them. Pablo had previously told Plaintiff if she had lunch with Pace and Chitty, that he would have Plaintiff fired. Joe Pace explained that he had been removed from the jobsite because he had some issues with Pablo.

4.08    Plaintiff requested a meeting with Pablo to discuss using hand over notes and training, including inappropriate comments and their effect on Plaintiff. This was sent via appointment using Microsoft Teams. Pablo ignored the requests.

4.09    In addition, in retaliation, Pablo would have meetings with other employees (project managers and USACE) without Plaintiff. Leaving Plaintiff out of these meetings caused Plaintiff to be unaware of certain procedures. It was Pablo's responsibility to train Plaintiff on these procedures but he did not.

PLAINTIFF'S ORIGINAL COMPLAINT
RENEE DANIEL THOMAS V. CALLAN MARINE, LTD.

3

4.10    Pablo's harassment worsened. He would continue calling Plaintiff "baby" especially in front of others. He made racist remarks including, but not limited to, how he wanted to shoot that "black bitch, Kamala Harris," or called black people ignorant.

4.11    Plaintiff felt very uncomfortable that one of the safety people "Thurman" spread harassing rumors in the company of Melanie Mosley (Director of Safety at the time) and her assistant Manager about Plaintiff the first Month that she was there. Instead of correcting Thurman and stopping the rumors, Melanie and her assistant helped to spread the rumors by discussing them with the then Project Manager Oliver, who then discussed them with Pablo, who then made jokes about them to Plaintiff. Thurman said that "Mrs. Thomas had a line of men at her hotel door." This caused defamation of Plaintiff's character because these rumors circulated through the company before Plaintiff had an opportunity to interact with management.

4.12    Plaintiff took her one week earned vacation in April 2022.

4.13    Prior to being hired Plaintiff was given a physical where she discussed her illness with the physician, HR Manager at the time of employment (Laura Campbell) and the Medical Review Officer. Plaintiff had to take medication due to a very recent surgery, which at the time was to treat a serious illness

4.14    Plaintiff requested short term disability paperwork and FMLA on May 2nd and May 3rd 2022. Plaintiff explained to Crystal Kucera that she would need surgery. Plaintiff spoke with Mrs. Kucera on May 3, 2022. During the call Mrs. Kucera stated to Plaintiff that she would not need the paperwork now because she was fired and the short-term disability would not be approved. After 3 requests Mrs. Kucera finally sent the paperwork on May 4th 2022.

4.15    Plaintiff was contacted via phone by the HR Manager to inform Plaintiff that the

company would be removing Plaintiff's personal things from the apartment that was rented for Plaintiff.

4.16   Plaintiff sent an email informing them to please not remove any of her things and that Plaintiff would go there to get them.

4.17   The HR Manager Ms. Mosley had Plaintiff's items removed from the apartment. Plaintiff received 2 boxes containing some of her belongings that had been hastily thrown in a box with opened hair products. The hair products spilled all over Plaintiff's shoes and clothes. Also, some of Plaintiff's things are still missing.

4.18   Plaintiff's items that are still missing are listed below.

- 1 pair of UGG Rain Boots
- 1 IWatch
- 1 wifi jet pack
- 1 snow suit with jacket
- 1 gold coin ring(Family Heirloom)
- 1 pair of small gold earrings
- 1 pair of skates

4.19   Ultimately, Defendant based its justification for Plaintiff's termination on one trivial and unsubstantiated violation, ignoring Plaintiff's harassment by Pablo. Indeed, at the time of her termination, Plaintiff had no reason to believe she would be terminated and was certainly never given an opportunity to improve any alleged deficiencies in her work. That, coupled with the fact that Defendant did not do anything about the harassment of Plaintiff, is clear evidence of pretext.

4.20 Defendant's actions are arbitrary and capricious and can be used to draw an inference of discrimination and retaliation. Defendant violated Title VII of the Civil Rights Act of 1964's prohibition on sex discrimination, and the ADA as amended.

## V.

## FIRST COUNT

### FAMILY AND MEDICAL LEAVE ACT DISCRIMINATION, INTERFERENCE AND RETALIATION

5.01 The foregoing paragraphs in this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

5.02 Plaintiff had not yet returned to work from FMLA leave when Defendant fired her.

5.03 Defendant was subject to the provisions of the FMLA. Defendant employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's work site for twenty (20) or more work weeks in the prior or current calendar year.

5.04 As a result of the interference, discrimination, retaliation and termination by Defendant, Plaintiff has suffered significant financial loss, including backpay and front pay and the loss of benefits of her employment, including health insurance. Plaintiff is entitled to front pay and other equitable relief. Discrimination and retaliation were motivating factors in Plaintiff's termination.

5.05 The aforementioned acts were and are a willful violation of the FMLA, and entitle Plaintiff to recover damages as provided by 29 U.S.C. § 2617, including liquidated damages. Plaintiff further seeks reinstatement to her position or a comparable position with reinstatement of benefits and seniority time, and with appropriate injunctive relief.

PLAINTIFF'S ORIGINAL COMPLAINT
RENEE DANIEL THOMAS V. CALLAN MARINE, LTD.

6

5.06   As a result of Defendant's actions, Plaintiff has found it necessary to hire the services of the undersigned attorneys, for which Plaintiff seeks further relief.

VI.

## SECOND COUNT

## DISABILITY DISCRIMINATION

6.01   Plaintiff incorporates the foregoing paragraphs by reference as if set forth verbatim herein.

6.02   Defendant employs more than fifteen employees, and is an "employer" within the meaning of the ADA and the TCHRA. Plaintiff filed a charge of discrimination with the EEOC and has since received a "right to sue letter." Plaintiff files this action within 90 days of actual receipt of her "right to sue" letter. She has requested from the TWC a letter authorizing a civil action.

6.03   Plaintiff suffers from a disability under the statutory definition provided in the ADA and under the TCHRA because Plaintiff had an actual impairment, a record of impairment, and/or was regarded as having an impairment by Defendant. Plaintiff actually had or was regarded as having a disability that substantially limited one or more major life functions, including work.

6.04   Plaintiff was and is a qualified individual for the job in question. With reasonable accommodations, Plaintiff can and did perform the essential functions of her job. Defendant refused to engage in good faith in the interactive process with Plaintiff to determine reasonable accommodations, and fired her rather than provide accommodations including using sick leave for flareups and doctor visits. The requested accommodations would not have been an undue burden on Defendant.

6.05   An adverse employment action was taken against Plaintiff on account of her disability, because she was fired after having formally requested accommodations, including medical leave for her treatment.

6.06   Plaintiff was treated less favorably than non-disabled employees.

6.07   Defendant violated the ADA and state law by discharging Plaintiff and/or discriminating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's record of, actual or perceived disability.

6.08   Such discrimination by Defendant against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.  Further, this discrimination was done with malice or with reckless indifference to Plaintiff's protected rights.  Plaintiff is therefore also entitled to recover punitive damages.

6.09   Plaintiff is entitled to an award of attorney's fees, expert fees, and costs under the ADA and state law.

## VII.

## THIRD COUNT

## SEX DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000 e

7.01   The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein verbatim.

7.02   Defendant has discriminated against Plaintiff by subjecting her to discrimination because of her sex with respect to the terms and conditions of her employment, by treating Plaintiff differently during her employment, and denying her the same rights as the male employees at

Defendant by terminating Plaintiff for complaining about the sexual harassment, but not terminating the male employees that were sexually harassing her, thereby intentionally engaging in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*

7.03    All conditions precedent to filing this action for discrimination under federal law have been met. Plaintiff timely filed her charge of discrimination on the basis of sex. Plaintiff received a Notice of Right to Sue within the 90 days prior to filing this lawsuit.

7.04    Defendant has engaged in a single continuous course of conduct of discrimination against Plaintiff because of her sex and by subjecting Plaintiff to a sexually hostile environment in order to destroy Plaintiff, her career, and her personal life.

7.05    Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Further, this discrimination was done by Defendant with intentional malice or with reckless indifference to Plaintiff's protected rights. Such discrimination constitutes gross, wanton, reckless, and/or intentional violation of Plaintiff's rights under Title VII. Plaintiff is therefore also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court. Plaintiff is also entitled to recover all costs of court and attorneys' fees.

PLAINTIFF'S ORIGINAL COMPLAINT
RENEE DANIEL THOMAS V. CALLAN MARINE, LTD.

9

## VIII.

## FOURTH COUNT

### SEX DISCRIMINATION IN VIOLATION OF CHAPTER 21 OF TEXAS LABOR CODE

8.01    The foregoing paragraphs of this Petition are incorporated in this Count by reference as if set forth at length herein.

8.02    Defendant employs at least fifteen (15) employees and is an employer within the meaning of the Texas Human Rights Act.

8.03    Conditions precedent to filing this action for discrimination under Texas state law have been met. Plaintiff timely filed her charge of discrimination on the basis of sex with the Texas Workforce Commission on Human Rights. Plaintiff filed the suit action more than 180 days after the filing of the charge.

8.04    Defendant has violated the Texas Human Rights Act, Texas Labor Code §21.001 *et seq,* by discharging Plaintiff and/or discriminating against Plaintiff in connection with compensation, terms, and conditions or privileges of employment because of Plaintiff's sex. Defendant, has engaged in a single continuous course of conduct of discrimination against Plaintiff because of her sex in order to destroy Plaintiff, her career, and her personal life.

8.05    Such discrimination against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for lost wages from opportunities that Plaintiff could have otherwise performed, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's state-protected rights. Plaintiff therefore is also entitled to recover punitive damages in a sum which is in

excess of the minimum jurisdictional limit of this Court. Plaintiff is also entitled to recover all costs of court, attorneys' fees, and expert fees as allowed by Texas Labor Code Ann. §21.259.

## IX.

## FIFTH COUNT

### RETALIATION UNDER 42 U.S.C. § 2000E AND CHAPTER 21 OF TEXAS LABOR CODE

9.01   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs and incorporates the same as if set forth herein at length.

9.02   Plaintiff is an employee within the meaning of Title VII and Chapter 21 of the Texas Labor Code.

9.03   Defendant is an employer within the meaning of Title VII. 42 U.S.C. § 2000e(b).

9.04   Plaintiff timely filed with the Equal Employment Opportunity Commission and the Texas Human Rights Commission a charge of discrimination for disability and sex discrimination and retaliation against Defendant. Plaintiff received notice of the Right to Sue from the E.E.O.C. within ninety (90) days of the filing of this Complaint. A copy of the Notice of the Right to Sue letter is attached hereto as **Exhibit A**.

9.05   As a result of Defendants' unlawful employment practices, Plaintiff has suffered damages including lost wages, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and seeks to recover for those sums.

9.06   Defendant's action in taking retaliation against the Plaintiff for her complaints about discriminatory treatment and unlawful employment practices was intentional, willful and malicious

PLAINTIFF'S ORIGINAL COMPLAINT
RENEE DANIEL THOMAS V. CALLAN MARINE, LTD.

11

so that Plaintiff is entitled to recovery of exemplary damages.

## X.

## SIXTH COUNT

## ATTORNEYS' FEES

10.01  Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth at length herein.

10.02  The preparation and filing of this Complaint has necessitated the hiring of attorneys. Plaintiff seeks to recover reasonable and necessary attorneys' fees as allowed by Title VII and the Texas Human Rights Act.

## XI.

## JURY TRIAL DEMANDED

10.01  Plaintiff hereby demands trial by jury of all claims for which she is entitled to demand a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have and recover the following relief against Defendant:

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2) Liquidated and/or statutory damages;

(3) Punitive/exemplary damages;

(4) Preliminary and permanent injunctive relief reinstating Plaintiff to her position with full seniority and other benefits as if she had never been discharged;

(5) Prejudgment and postjudgment interest at the maximum legal rate;

PLAINTIFF'S ORIGINAL COMPLAINT
RENEE DANIEL THOMAS v. CALLAN MARINE, LTD.

12

(6) All costs of court;

(7) Attorney's and expert fees; and

(8) Such other and further relief to which Plaintiff may be justly entitled.

DATE: February 27, 2023

Respectfully Submitted,

**KILGORE & KILGORE, PLLC**

By: *W. D. Masterson*

W.D. Masterson
SBN: 13184000
wdm@kilgorelaw.com
3141 Hood Street, Suite 500
Dallas, Texas 75219
(214) 969-9099 - Telephone
(214) 953-0133 - Facsimile

**ATTORNEYS FOR PLAINTIFF,
RENEE DANIEL THOMAS**